IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ULYSSES LANE, Deceased, et al.                                              PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:04CV36-B-A

EDWARD J. HENSON et al.                                                    DEFENDANTS

**<u>ORDER</u>**

This cause comes before the court upon the defendants' motion to bifurcate and upon the defendants' motion for application of Mississippi law to workers' compensation subrogation lien or interest of Memphis Trailer Repair, Inc. Upon due consideration, the court is ready to rule.

The defendants move to bifurcate the trial between the issues of liability and damages pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. The defendants argue that bifurcation is appropriate to avoid prejudice to the defendants and to expedite the trial. The court finds, however, that bifurcation is not warranted under the facts of this case and that separate trials will not be "conducive to expedition and economy." Fed. R. Civ. P. 42(b). "The possibility of prejudice or bias in this case does not outweigh the convenience and interest in having this entire matter resolved in one proceeding." *Moore v. Kroger Co.*, 800 F. Supp. 429, 436 (N.D. Miss. 1992). The court, therefore, exercises its discretion not to order separate trials, and the defendants' motion to bifurcate shall be denied.

The defendants have also moved to apply Mississippi law to the substantive issues pertaining to Memphis Trailer Repair's subrogation lien or interest. Memphis Trailer Repair paid $700,000 in workers' compensation benefits pursuant to Tennessee law. Under Mississippi law, the doctrine of comparative negligence would allow the jury to allocate a percentage of fault to Memphis Trailer Repair even if it is immune from damages. "In actions involving joint tort-

feasors, the trier of fact shall determine the percentage of fault for each party alleged to be at fault without regard to whether the joint tort-feasor is immune from damages." Miss. Code Ann. § 85-5-7. The defendants argue that Tennessee law on this matter "is contrary to the deeply ingrained and strongly felt public policy of [Mississippi]" and that the court should, therefore, apply Mississippi law to the issue. *Boardman v. United Serv. Automobile Ass'n*, 470 So. 2d 1024, 1031 (Miss. 1985).

It is axiomatic that in a diversity action the district court must apply the substantive law of the forum state, including the state's conflict of law rules. *Blakely v. State Farm Mut. Auto. Ins. Co.*, 406 F.3d 747, 751 (5th Cir. 2005) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78-79, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); *American Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir.2001)); *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005). Mississippi utilizes the "center of gravity" or "most substantial contacts" analysis in resolving conflict of law questions in tort actions. *Boardman*, 470 So. 2d at 1031. According to the defendants, it remains unresolved in Mississippi as to whether these tests are applicable to issues arising under workers' compensation laws. The defendants argue, however, that the question before the court is not a workers' compensation issue, but rather an inquiry into policy considerations which underlie Mississippi's doctrine of comparative negligence.

It is unnecessary for the court to examine these arguments in further depth, however, because no response to this motion was filed, and the court must presume that the other parties do not oppose the motion. For this reason, the motion shall be granted.

It is, therefore, **ORDERED AND ADJUDGED**

that the defendants' motion to bifurcate is **DENIED**; and

that the defendants' motion for application of Mississippi law to workers' compensation subrogation lien or interest of Memphis Trailer Repair, Inc., is **GRANTED**.

This, the 26th day of September, 2005.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**